COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


NATIONAL INDUSTRIAL CONSTRUCTORS, INC. AND
 CONTINENTAL CASUALTY COMPANY

v.        Record No. 2009-95-3        MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
EDWARD LEE WILLIAMS                        MAY 14, 1996


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Monica L. Taylor (Dale W. Webb; Gentry,
          Locke, Rakes & Moore, on brief), for
          appellants.

          Richard M. Thomas (Rider, Thomas, Cleaveland,
          Ferris & Eakin, on brief), for appellee.

     National Industrial Constructors and its insurer
(collectively "National") appeal the decision of the Workers'
Compensation Commission awarding benefits to the claimant, Edward
Lee Williams.  National contends that the commission erroneously
found that the treating physician gave a medical opinion linking
Williams' injury with his work.  Finding no error, we affirm the
commission's award.

     The parties are fully conversant with the record, and we
recite only those facts necessary to the disposition of this
appeal.

     The dispute arises over the language in the treating
physician's medical report.  The doctor opined in relevant part:
          The patient raises the question of a

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> relationship between his left elbow
> epicondylitis and the ongoing problems he has
> had with his right elbow, all along.  . . .
> It is his opinion that he is attempting to
> guard overall use of his right elbow and
> therefore putting more pressure and strain on
> the left elbow, causing that elbow to become
> more problematic.  I feel there clearly is
> some merit in his opinion regarding this.
> Again, there is not one episode of injury
> that has produced this problem, it was more
> an overuse effort over a period of time that
> produced this epicondylitis.

The full commission found that this phrasing indicated that the doctor had adopted the opinion of the claimant that his current condition in his left elbow was related to a prior work-related injury in his right elbow.  Because of this medical opinion, the commission awarded benefits.

"When the primary injury is shown to have risen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct."  Imperial Trash Serv. v. Dotson, 18 Va. App. 600, 606-07, 445 S.E.2d 716, 720 (1994) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 283, 348 S.E.2d 876, 879 (1986)); 1 A. Larson, The Law of Workmen's Compensation § 13.00 (1995).  The claimant must demonstrate that his present injury flows from the primary injury to a reasonable degree of medical certainty, a standard that would require the doctor to conclude that it is more probable than not.  See Ross Lab. v. Barbour, 13 Va. App. 373, 377, 412

S.E.2d 205, 208 (1991).  The exact words used to articulate this conclusion hold little significance, if in the correct context they express sufficient medical certainty.  Wells v. Virginia Dep't of Transp., 15 Va. App. 561, 565, 425 S.E.2d 536, 538–39 (1993).

In this case the doctor ultimately agreed with the claimant and adopted the conclusion that the claimant's current condition was a natural result of his earlier injury.  The doctor offered no other possible cause for the current condition and cast no doubt upon the claimant's theory.  The commission did not err in finding that, in the context of this report, the doctor's language evinced a belief in causation to a reasonable degree of medical certainty.

Accordingly, the decision is affirmed.

Affirmed.